J-S47020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

JUAN MELENDEZ

Appellant

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

No. 2843 EDA 2016

Appeal from the Judgment of Sentence August 9, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004853-2014
CP-39-CR-0004857-2014

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:            **FILED NOVEMBER 15, 2017**

Juan Melendez appeals from the August 9, 2016 judgment of sentence entered in the Lehigh County Court of Common Pleas following his convictions for firearms not to be carried without a license, possession with intent to deliver a controlled substance ("PWID"), and solicitation to commit kidnapping.[1]  We affirm.

The trial court set forth the relevant facts as follows:

Between August 27, 2014, and October 2, 2014, [Melendez] met with a confidential informant (CI) and an undercover Pennsylvania State Trooper in order to obtain a gun and to arrange for the kidnapping of [Melendez]'s wife's boyfriend. [Melendez] furnished the CI with keys to victim's residence, and requested that a van be obtained in order to take the

_____

[1] 18 Pa.C.S. § 6106(a)(1), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. §§ 902(a), respectively.

victim to an undisclosed location. Also during this time, [Melendez] sold quantities of cocaine to the CI. When [Melendez] was arrested for these events, police found a bundle of heroin and a loaded .32 caliber pistol concealed on his person. [Melendez] did not have a license to carry a concealed weapon.

Pa.R.A.P. 1925(a) Opinion, 11/15/16, at 1-2.

On June 20, 2016, Melendez pled *nolo contendere* at two docket numbers. At CP-39-CR-0004853-2014 ("Docket No. 4853"), Melendez pled *nolo contendere* to PWID and solicitation to commit kidnapping. At CP-39-CR-0004857-2014 ("Docket No. 4857"), Melendez pled *nolo contendere* to firearms not to be carried without a license. On August 9, 2016, the trial court sentenced Melendez to an aggregate term of 5 to 15 years' incarceration.[2] Melendez did not file a post-sentence motion. On September 6, 2016, Melendez filed a timely notice of appeal.

On appeal, Melendez raises the following issue:

> Whether the lower court abused its discretion in imposing manifestly excessive and unreasonable sentences when the court failed to consider any significant mitigating factors, failed to apply and review all the necessary factors as set forth in 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9781(c) and (d) or otherwise failed to set forth appropriate reasons for its decision that a consecutive sentence was the only appropriate sentences[.]

Melendez's Br. at 8.

_____

[2] At Docket No. 4853, the trial court sentenced Melendez to 18 months to 5 years' incarceration for the PWID conviction and a concurrent term of 30 months to 10 years' incarceration for the conviction for solicitation to commit kidnapping. At Docket No. 4857, the trial court sentenced him to 30 months to 5 years' incarceration for the conviction for carrying firearms without a license, to run consecutively to the sentence at Docket No. 4853.

Melendez is challenging the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we first determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Melendez filed a timely notice of appeal and included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). Melendez, however, did not preserve his sentencing claim in a post-sentence motion or at the time of sentencing. *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa.Super. 2012) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.") (quoting *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-74 (Pa.Super. 2006)). Melendez has, therefore, waived his claim.

Further, in his sole issue on appeal, Melendez claims that the trial court failed to consider mitigating factors and failed to apply the factors set forth in sections 9721 and 9781 of the Sentencing Code. Melendez waived these specific claims because he failed to include them in his Pennsylvania Rule of Appellate Procedure 1925(b) statement.[3] *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.").

Judgment of sentence affirmed.

_____

[3] In Melendez's Rule 1925(b) statement, he claimed: "The Court imposed a harsh and excessive sentence and failed to set forth any legal or factual reasons for the length of sentences and them being imposed consecutively." Concise Statement of Matters Relied upon on Appeal, 10/27/16.

Even had Melendez not waived his claims, we would conclude he has failed to raise a substantial question for our review. A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quotation *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa.Super. 2012)). In his Rule 2119(f) statement, Melendez does not claim that the sentence imposed violates a provision of the Sentencing Code or is contrary to the fundamental norms of the sentencing process. *See id.* Moreover, although in his statement of issues involved and his argument section of his brief, he claims that the trial court erred in imposing consecutive sentences, he did not include this claim in his Rule 2119(f) statement. Finally, even if he had included this claim in his Rule 2119(f) statement, this Court has held on multiple occasions that a bald assertion that the trial court abused its discretion in imposing consecutive sentences does not raise a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 338-39 (Pa.Super. 2015); *Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa.Super. 2015); *Dodge*, 77 A.3d at 1270; *Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa.Super. 2010).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2017